STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.   CV-10-184
PAF -YOR- 12/12/2011

ROSE M. MITCHELL and
HELEN L. SHEPERD,

       Plaintiffs

v.

HOSPICE OF SOUTHERN MAINE,
BEACON HOSPICE, INC. and
PRIME CARE MEDICAL SUPPLIES,
INC.,

       Defendants

**ORDER AND DECISION**

## I.   PLEADINGS AND MOTIONS

In an initial and in an amended complaint Rose Mitchell has sued both Hospice of Southern Maine (Southern Maine) and Prime Care Medical Supplies, Inc. (Prime Care) because of the claimed theft of two diamond rings from her home by Theodore Pare, an employee of Prime Care, during a delivery of medical supplies for the benefit of her then terminally ill husband.   In a second amended complaint she has renewed her claims while additional plaintiff Helen Shepherd has sued both Prime Care and Beacon Hospice, Inc. (Beacon) based on a claimed separate theft by Mr. Pare at Ms. Shepard's home.

In the second amended complaint Ms. Mitchell has brought three counts against Southern Maine and Prime Care for negligent hiring, negligent supervision and negligent retention of Mr. Pare.   Southern Maine and Prime Care have filed a combined motion for summary judgment which has been briefed and argued.   Beacon,

as a late addition to the case, timely filed its own motion for summary judgment which is not yet fully briefed.

Southern Maine has filed a cross-claim against Prime Care.

## II. FACTS

The central facts are not in dispute. Ms. Mitchell on behalf of her husband sought and received services from Southern Maine. Southern Maine had a separate contract with Prime Care where Prime Care would provide and deliver medical supplies to the homes of terminally ill individuals. Prime Care apparently had a policy of doing criminal records checks upon prospective employees, but failed to do so for Mr. Pare who had an extensive record. There is no direct evidence that Mr. Pare stole Ms. Mitchell's rings during a delivery, but circumstantial evidence exists which could support the claim.

## III. CLAIMS AGAINST SOUTHERN MAINE

There is no basis to hold Southern Maine responsible as it did not hire Mr. Pare and there is no evidence that its decision to hire Prime Care was in any manner negligent or improper. Summary judgment will be granted for Southern Maine on the second amended complaint. The cross claim of Southern Maine against Prime Care will be dismissed as moot.

## IV. CLAIMS AGAINST PRIME CARE

The more challenging issues surround the claims against Prime Care. There is no recognized claim for negligent retention independent of any claims for negligent hiring or supervision. Judgment will be entered for Prime Care on Count III of the second amended complaint.

"Maine applies the Restatement (Second) of Agency to determine the limits of imposing vicarious liability on an employer." *Mahar v. StoneWood Transport*, 2003 ME

2

63, ¶13, 823 A.2d 540, 44 and see *Dragomir v. Spring Harbor Hospital*, 2009 ME 51, ¶12, 970 A.2d 310, 314. Here any theft of diamond rings would be an intentional tort outside the scope of employment of Mr. Pare. He was hired to deliver supplies not to steal from customers.

In 2003 the Law Court indicated in the *Mahar* decision that it had not "yet recognized the independent tort of negligent supervision of an employee." *Mahar*, ¶10. The tort was recognized in *Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶39, 871 A.2d 1208, 22 in those limited circumstances where the plaintiff "… asserts the existence of facts that, if proven, establish a special relationship with a defendant in accordance with section 315(b) of the RESTATEMENT (SECOND) OF TORTS …." In this case a "special relationship" does not exist. Also see *Dragomir*, ¶¶17-24. As there is neither a "special relationship" nor a "fiduciary relationship" a claim for negligent supervision fails under existing Maine law.

The final claim is a claim for negligent hiring. An initial review of the RESTATEMENT (SECOND) OF TORTS §§317 and 411 suggests that Prime Care should prevail. However a case cited by the plaintiff, *Schecter v. Merchants Home Delivery, Inc.*, 892 A.2d 415 (D.C. 2006) and the RESTATEMENT (SECOND) OF AGENCY §213, cmt. g indicate otherwise. Prime Care had a duty to screen its employees since it knew that its employees would be in the homes of the terminally ill. Prime Care must have recognized the need to carefully choose its employees. Despite that recognition and the establishment of a policy of requiring background checks it failed to conduct a proper review of Mr. Pare. It is, therefore, potentially liable for the actions of Mr. Pare by negligently hiring an "improper person … in work involving risk of harm to others." Section 213(b).

The plaintiff has sought punitive damages and damages for emotional distress from the claimed theft of the rings. Any damages, if negligent hiring and a theft are established, will be limited to the value of the rings.

The entry is:

Motion of Prime Care Medical Supplies, Inc. and Hospice of Southern Maine for summary judgment is granted in part. Judgment for Hospice of Southern Maine on the second amended complaint. Cross-claim of Hospice of Southern Maine against Prime Medical Supplies, Inc. is dismissed. Judgment for Prime Care Medical Supplies, Inc. on Counts II and III of the claims of Rose Mitchell in the second amended complaint. Damages in Count I are limited to the value of the rings.

Dated:     December 12, 2011

_____
Paul A. Fritzsche
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
GEORGE HEFFERAN
GEORGE B HEFFERAN JR
PO BOX 593
SOUTH CASCO ME    04077

ATTORNEYS FOR DEFENDANTS PRIME CARE MEDICAL SUPPLIES INC & HOSPICE OF SOUTHERN MAINE:
MARK FRANCO
VICTORIA MORALES
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME    04112-4630

ATTORNEY FOR DEFENDANT BEACON HOSPICE INC:
WENDELL LARGE
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME    04112-9545

ATTORNEY FOR DEFENDANT HOSPICE OF SOUTHERN MAINE:
DAVID SANDERS
LAW OFFICE OF DAVID SANDERS PA
PO BOX 271
LIVERMORE FALLS ME    04254

4